LAW OFFICE OF KATHIE SIMMONS
Kathie Simmons, SBN#129727
1326 Ripley Street
Santa Rosa, CA 95401
Telephone 707-522-8118
E-Mail simmonslaw@live.com
Attorney for Debtor
RAMIRO SILVA and
NICOLASA SILVA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| IN RE<br><br>RAMIRO SILVA and<br>NICOLASA SILVA,<br><br>        DEBTOR(S), | Case No.: 11-13836<br><br>**CHAPTER 13**<br><br>**ORDER VALUING AND AVOIDING LIEN**<br><br>**JP MORGAN CHASE BANK, N.A., SUCCESSOR IN INTEREST FROM THE FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK (2D LIEN)** |

On February 22, 2012, the Court held a hearing on Debtor(s)' Motion to Value and Avoid Lien of JP MORGAN CHASE BANK, N.A., SUCCESSOR IN INTEREST FROM THE FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK (2d position mortgage lien) against the property commonly known as 646 RAINBOW COURT, SANTA ROSA, CALIFORNIA, 95401 (hereinafter referred to as "the Property"). Debtor(s)' counsel, Kathie Simmons, appeared for the Debtor(s). No opposition was filed and there was no appearance by JP MORGAN CHASE BANK, N.A., its assignee, transferee or any other successor in interest (hereinafter together referred to as "Creditor").

The Court having read and considered Debtor(s)' motion, the notice of that motion and the documents and records on file herein and good cause appearing, the Court finds that the notice of the motion was proper and Debtor(s)' motion is hereby granted in its entirety.

**ORDER VALUING AND AVOIDING LIEN**
1

**IT IS FOUND, ORDERED, ADJUDGED AND DECREED**

(1) That the Lien secured by Creditor's junior Deed of Trust against the Property is valued at zero. Creditor, its assignee, transferee or any other successor in interest, does not have a secured claim, and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327.

(2) That this Order shall become part of Debtor(s)' confirmed chapter 13 plan.

(3) That upon discharge or completion of the confirmed Plan obligations of the Debtor(s) in Debtor(s)' chapter 13 case, the Lien shall, without further court order, be entirely, permanently, and for all purposes void and unenforceable and shall automatically be extinguished.

(4) That except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

(5) This order is void if the case is dismissed or converted before entry of the Chapter 13 discharge.

**SO ORDERED**

Dated: April 20, 2012

Alan Jaroslovsky
U. S. Bankruptcy Judge

**ORDER VALUING AND AVOIDING LIEN**
2